IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-06-22-S-BLW |
| | ) | |
| vs. | ) | **MEMORANDUM ORDER** |
| | ) | |
| OLIVIA CRAVEN, RUSSELL NEWCOMB, | ) | |
| DEL RAY HOLM, JOE MARTINEZ, STATE | ) | |
| OF IDAHO, BUD BRINEGAR, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court in this prisoner civil rights case are Plaintiff's Motion for Appointment of Counsel (Docket No. 13) and  Respondent's Motion for Summary Dismissal (Docket No. 14).  Plaintiff has filed a Response to the Motion for Summary Judgment (Docket No. 17), as well as an Addendum (Docket No. 21).  Having reviewed the record and the arguments of the parties, the Court concludes that oral argument is unnecessary .  After due consideration, the Court enters the following Order.

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a Motion for Appointment of Counsel (Docket No. 13).  In civil cases, counsel should be appointed only in "extraordinary cases."  *Id*.  at 1330.  To determine whether extraordinary circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved.

**MEMORANDUM ORDER  1**

*Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id.*

Applying the factors to this case, the Court finds that Plaintiff's Complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues are not complex in this matter. Based on the foregoing reasons the Court finds it appropriate to deny Plaintiff's Motion for Appointment of Counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

Plaintiff should be aware that the federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Rather, when a Court "appoints" an attorney, it can only do so if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorney's fees in civil matters, such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

## MOTION FOR SUMMARY DISMISSAL

**A.     Summary Dismissal Standard of Law**

Defendants seek dismissal of Plaintiff's complaint or claims contained therein on

**MEMORANDUM ORDER  2**

the basis of res judicata or collateral estoppel.  A complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In reviewing a case for dismissal, the Court is required to treat all allegations of material fact as true and to construe them in a light most favorable to the non-moving party.  *Id*. (quoting *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985), *cert. denied*, 474 U.S. 1056 (1986)).

The federal courts view Rule 12(b)(6) motions with disfavor.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A court should dismiss a case without leave to amend only in "extraordinary" cases.  *United States v. City of Redwood*, 640 F.2d 963, 966 (9th Cir. 1981).

## B.    Facts

Plaintiff, an Idaho Department of Correction (IDOC) inmate, was convicted of possession of a controlled substance and placed on probation by state court order of July 3, 2000.  His probation was revoked on September 30, 2002, and his original sentence of one year fixed and four years indeterminate was imposed.[1]  On October 2, 2002, the state

---

[1]  Plaintiff  was also serving time for a forgery charge, but he completed that sentence on April 14, 2006.  The possession sentence will end on July 18, 2007. *See Respondent's Motion to Dismiss, Exhibit A*, at p. 9 (Docket No. 14-3).

**MEMORANDUM ORDER  3**

court issued an Order containing the following language: "The court recommends that the defendant be required to complete all available thinking errors courses and the long term, residential substance abuse treatment program ("RSAT")." *See Exhibit to Petitioner's Supplemental Response* (Docket No. 21).

In this case, Plaintiff alleges that he was denied parole solely on the basis that he refused to participate in the RSAT program because it included a religious component, contrary to the First Amendment. *See Complaint*, at p. 3 (Docket No. 3).  He brings suit against the Executive Director of the Idaho Commission of Pardons and Parole (ICPP), Olivia Craven; members of the ICPP Board, Russell Newcomb, Del Ray Holm, and Bud Brinegar; and an ICPP hearing officer, Joe Martinez.

The particular facts upon which Plaintiff relies are as follows.  Joe Martinez recommended that Plaintiff not be paroled; one of the reasons was failure to complete rehabilitative programs.  The ICPP denied parole on February 11, 2004.  *See Respondent's Motion to Dismiss, Exhibit A*, at p. 9 (Docket No. 14-3).  Plaintiff alleges that he completed a nonreligious rehabilitative program offered by the prison called "Rational Recovery" after his original parole denial.  He sought reconsideration of his parole denial through a "Self-Initiated Progress Report (SIPR), which was denied. *See Plaintiff's State Habeas Corpus Petition, Attached to Respondent's Motion to Dismiss, Exhibit A*, at p. 2 (Docket No. 14-3).

Plaintiff earlier brought a habeas corpus action in the Idaho state court system, also alleging that he was denied parole solely because he refused to participate in the prison's

**MEMORANDUM ORDER  4**

religious-oriented rehabilitation program.  *See Motion to Dismiss, Exhibit A* (Docket No.

14-3).  The respondents in that case were Olivia Craven and Warden Fisher.

The state district court dismissed Plaintiff's case against Craven and Fisher after

reviewing his petition and "file."  *See State Order, Attached* to *Respondent's Motion to*

*Dismiss, Exhibit A*, at p. 1 (Docket No. 14-4).  The dismissal order states:

> Here, Mr. Ingram has filed his habeas petition after being denied
> parole.  The court is satisfied that the Idaho Commission of Pardons and
> Parole fully considered many factors when deciding whether to grant Mr.
> Ingram parole.  Furthermore, the Court is satisfied that the record
> establishes that the Idaho Commission of Pardons and Parole had a rational
> basis in denying Mr. Ingram parole.  Moreover, the Court finds that Mr.
> Ingram's allegations fail to assert a state or federal constitutional claim.
> Pursuant to Idaho Code § 19-4209-(5) and in its discretion, the Court
> dismisses Mr. Ingram's petition for writ of habeas corpus.

*Id*. at pp. 1-2.

## C.    Standard of Law Governing Res Judicata and Collateral Estoppel

Defendants assert that they are entitled to res judicata (preclusion of entire action)

or collateral estoppel (preclusion of  claims or issues) because Plaintiff previously filed

the unsuccessful state habeas corpus action based upon the same facts.  Res judicata and

collateral estoppel bar (1) subsequent relitigation of an action, claim, or issue previously

adjudicated, and (2) subsequent relitigation of any claims that might have been made.[2]

---

[2]  Idaho has adopted the "transactional" approach to res judicata, which means that "[i]n
an action between the same parties upon the same claim or demand, the former adjudication
concludes parties and privies not only as to every matter offered and received to sustain or defeat
the claim but also as to every matter which might and should have been litigated in the first suit."
 *Weldon v. Bonner County Tax Coalition*, 855 P.2d 868, 872 (Idaho 1993) (relying on *Diamond
v. Farmers Group*, 804 P.2d 319, 323 (1990)).

**MEMORANDUM ORDER  5**

*See Smith v. U.S.R.V. Properties, LC*, 118 P.3d 127, 131 (Idaho 2005)); *Maroun v. Wyreless Systems, Inc.*, 114 P.3d 974, 988 (Idaho 2005).  The principles of res judicata and collateral estoppel "serve[] the purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy, of promoting judicial economy by preventing needless litigation, of preventing inconsistent decisions and of encouraging reliance on adjudications."  *Maroun*, 114 P.3d at 617.

Res judicata is an affirmative defense which may be used in federal court to give preclusive effect to prior state court judgments.  *See* 28 U.S.C. § 1738 (federal courts must afford full faith and credit to state judicial proceedings); *Allen v. McCurry*, 449 U.S. 90 (1980) (federal courts hearing § 1983 actions must give *collateral estoppel* preclusive effect to state court judgments); *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984) (federal courts hearing § 1983 actions must give *res judicata* preclusive effect to state court judgments).  To determine whether a state judgment should have preclusive effect in a federal action, federal courts apply the state's rules governing preclusion.  *See Migra*, 465 U.S. at 83-85.

Idaho law provides that the party asserting res judicata or collateral estoppel as an affirmative defense bears the burden of establishing all of the essential elements thereof by a preponderance of the evidence.  *Foster v. City of  St. Anthony*, 841 P.2d 413, 420 (Idaho 1992).  The elements of res judicata or collateral estoppel are as follows: "(1) whether the party against whom the earlier decision is asserted had a full and fair opportunity to litigate that issue; (2) whether the issue decided in the prior action identical

**MEMORANDUM ORDER  6**

to the one presented in the subsequent action; (3) whether the issue was actually decided in the prior litigation; (4) whether there was a final judgment on the merits; and (5) whether the party against whom the plea is asserted was a party or in privity with a party to the prior case." *Schwan's Sales Enterprises, Inc. v. Idaho Trans. Dept.*, 136 P.3d 297 (Idaho 2006).

**D.   Discussion**

      1.    <u>Whether the Issues Were Fully and Fairly Litigated</u>

For the following reasons, the Court concludes that collateral estoppel and res judicata do not bar Plaintiff's present suit.  First, while a state habeas corpus action may involve federal constitutional issues, it is distinctly different from an action brought under 42 U.S.C. § 1983.  For example, in a state habeas corpus action there is ordinarily no right to discovery, no jury trial is available, and the only relief available is injunctive relief. *See* Idaho Code § 19-4209 & -4210.  It is clear from the record that the state court decided the habeas matter on the pleadings and the parole file.  The parties have not shown that Plaintiff had an opportunity for discovery in the state habeas case; rather, the case was summarily dismissed based on the pleadings and the parole records. *Cf. Hawkins v. Risley*, 984 F.2d 321, 325 (9th Cir. 1992) (res judicata properly applied where "the state court allowed Hawkins to submit briefs, present evidence, and cross-examine the state's witnesses").

Further, in state habeas corpus actions challenging denials of parole, the standard the state court applies is "whether there is a rational basis in the record for the

**MEMORANDUM ORDER  7**

commission's conclusions – not whether the determination is supported by the preponderance of the evidence, or even by substantial evidence." *Drennon v. Craven*, 105 P.3d 694, 695-96 (Idaho Ct. App. 2004). In addition, there is nothing showing that the constitutional issues were briefed or argued in state court; rather, the focus in habeas corpus is on whether there was a rational basis for the parole denial. In this case, denial of parole cannot be contested. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005).

Because of these significant differences between a state habeas corpus action and a federal civil rights action, the Court concludes that Plaintiff did not have an opportunity to fully and fairly litigate his constitutional claims in state court and that the issues were not identical.

Plaintiff also argues that the parties to the two actions were not in privity. He alleges that the state habeas corpus action was brought against the defendants in their official capacity, while in this case he has brought only individual capacity claims. *See Response*, at p. 3 (Docket No. 17). Plaintiff's habeas corpus petition did not specify that he was bringing the habeas petition against the defendants in their official capacity, but he sought release on parole, which could be obtained against defendants only in their official capacities.

In this case, Plaintiff does not specify whether he is bringing his claims against defendants in their individual or official capacities. In his prayer, he seeks "injunctive relief from the State of Idaho and IDOC Parole Board," as well as damages. Injunctive relief can come only from defendants in their official capacities, while damages can come

**MEMORANDUM ORDER  8**

only from defendants in their individual capacities.

Res judicata does not apply where the parties in the two suits are sued in different capacities.  "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity."  *Andrews. v. Daw*, 201 F.3d 521 (4th Cir. 2000) (quoting Restatement (Second of Judgments § 36(2) (1982)).  The *Andrews* court further explained the differences in the context of suits against governmental officials:

> Because the real party in interest in an official-capacity suit is the entity, a plaintiff can only recover damages from the entity itself, in contrast to a personal-capacity suit, in which a plaintiff can seek a judgment against the official's personal assets.  Furthermore, different legal theories of liability are required for the plaintiff, and different defenses are available to the defendant, in a personal-capacity action than in an official-capacity action.  These differences indicate that a governmental official in his official capacity does not represent "precisely the same legal right" as he does in his individual capacity.

*Id*. at 525 (citations omitted).  Similarly, under Idaho law, in order for a party to be in privity with a party to a prior suit, the party in the later suit must "derive[] [its] interest from the one who was a party to [the prior suit]."  *Weldon*, 855 P.2d at 872 (citation omitted).  In *Weldon*, the court determined that res judicata did not apply because the elected officials represented the interests of the people of Bonner County in the second suit, and did not derive their interest from Bonner County, acting through its Board of County Commissioners, who had been a party in the first suit.  *Id*. at 872-73.  *See also Gubler By and Through Gubler v. Brydon*, 867 P.2d 981,  984 (Idaho 1994) ("To

**MEMORANDUM ORDER  9**

establish privity, Brydon and Hardin must show that they derived a direct interest in the outcome of the former litigation from the prior defendants.").

Therefore, as to the individual capacity (monetary relief) claims, the Court concludes that an additional reason for not allowing res judicata or collateral estoppel to be applied to bar Plaintiff's second suit is that the parties were not in privity.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (Docket No. 13) is DENIED.

IT IS FURTHER HEREBY ORDERED that  Respondent's Motion for Summary Dismissal (Docket No. 14) is DENIED.

IT IS FURTHER HEREBY ORDERED that the parties adhere to the following pretrial schedule:

NOW THEREFORE IT IS HEREBY ORDERED that the following pre-trial schedule shall govern this case:

1. **<u>Disclosure of Relevant Documents</u>:** On or before **March 2, 2007**, the parties shall provide each other with a copy of relevant documents in their possession, in a redacted form if necessary for security or privilege purposes; and, if necessary, they shall provide a security/privilege log sufficiently describing any undisclosed relevant documents which are alleged to be subject to nondisclosure.  Any party may request that the Court conduct an in camera review of withheld documents or information.

**MEMORANDUM ORDER  10**

2.      **<u>Completion of Discovery and Requests for Subpoenas</u>:**  All discovery

shall be completed on or before **June 29, 2007.**  Discovery requests must be

made far enough in advance to allow *completion* of the discovery in

accordance with the applicable federal rules *prior* to this discovery cut-off

date.  The Court is not involved in discovery unless the parties are unable to

work out their differences as to the discovery themselves.  In addition, all

requests for subpoenas duces tecum (production of documents by

nonparties) must be made by **May 31, 2007.**  No requests for subpoenas

duces tecum will be entertained after that date.

3.      **<u>Depositions</u>**:   Depositions, if any, shall be completed on or before **June 29,**

**2007.**  If Defendants wish to take the deposition of Plaintiff or other

witnesses who are incarcerated, leave to do so is hereby granted.  Any such

depositions shall be preceded by ten (10) days' written notice to all parties

and deponents.  The parties and counsel shall be professional and courteous

to one another during the depositions.  The court reporter, who is not a

representative of Defendants, will be present to record all of the words

spoken by Plaintiff (or other deponent), counsel, and any other persons at

the deposition.  If Plaintiff (or another deponent) wishes to ensure that the

court reporter did not make mistakes in transcribing the deposition into a

written form, then he can request the opportunity to read and sign the

deposition, noting any discrepancies between what is transcribed and what

**MEMORANDUM ORDER  11**

he believes he said.  If Plaintiff wishes to take depositions, he must file a motion requesting permission to do so, specifically showing his ability to comply with the applicable Federal Rules of Civil Procedure by providing the names of the proposed persons to be deposed, the name and address of the court reporter who will take the deposition, the estimated cost for the court reporter's time and the recording, and the source of funds for payment of the cost.

4.      **Dispositive Motions:**  All motions for summary judgment and other potentially dispositive motions shall be filed with accompanying briefs on or before **August 31, 2007.**  Responsive briefs to such motions shall be filed within thirty (30) days after service of motions.  Reply briefs, if any, shall be filed within fourteen (14) days after service of responses.  All motions, responses, and replies shall conform to Rule 7.1 of the Local Rules for the District of Idaho.  **Neither party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules**

**MEMORANDUM ORDER  12**

without prior leave of Court.  No motion or memorandum, typed or

handwritten, shall exceed 20 pages in length.



DATED:  **February 21, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM ORDER  13**