IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV06-22-S-BLW |
| | ) | |
| vs. | ) | **ORDER SETTING** |
| | ) | **SETTLEMENT** |
| OLIVIA CRAVEN, RUSSELL NEWCOMB, DEL RAY HOLM, JOE MARTINEZ, STATE OF IDAHO, BUD BRINEGAR, | ) ) ) | **CONFERENCE** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**NOW THEREFORE IT IS HEREBY ORDERED:**

A judicially supervised settlement conference is set in this case for **Thursday, July 12, 2007** at **9:30 a.m.** at the **U.S. District Court, 550 W. Fort Street, Boise, Idaho.** The conference will be conducted before the Honorable Mikel H. Williams, Chief United States Magistrate Judge.

It is ordered that lead counsel for the case shall attend the conference. Lead counsel is the attorney who is primarily responsible for representing the party at the trial in the case. Lead counsel shall be authorized to participate in settlement negotiations at the conference and shall be excused from attendance only by Judge Williams. Counsel

**ORDER   1**

shall be knowledgeable about the facts of the case and shall be prepared to candidly discuss the same with the Judge.

The principals to the litigation shall be in attendance, unless excused by Judge Williams.  The representatives of all involved insurance carriers shall be in attendance, unless excused by Judge Williams.  The conference may be continued from time to time until settlement is reached or the Judge determines that the conference should be terminated.

**The parties shall submit the attached Settlement Questionnaire to Judge Williams' chamber for his** *in camera* **review by 5:00 p.m. on July 5, 2007.  Do not electronically file the questionnaire with the clerk's office.**

All information provided to Judge Williams for settlement purposes shall be held in confidence, and the parties may request that the Settlement Questionnaire be returned to the submitting party at the end of the settlement conference.  No oral statement, written document, or other material considered during the conference can be used against any party to this litigation.

The Court will issue a separate order providing for Plaintiff's transport to the

**ORDER   2**

settlement conference.  Questions regarding the conference may be directed to the ADR Program Director, Denise Asper, 550 W. Fort Street, Boise, Idaho  83724, (208) 334-9067.

DATED:  **June 13, 2007**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**ORDER**   3

## SETTLEMENT QUESTIONNAIRE

SUBMITTED BY: _____

Attorney for _____

Trial date scheduled:   _____     Jury  \_\_\_\_  Non-Jury  \_\_\_\_

NOTE: Please use attachments where necessary. All attachments should be punched for a three-ring binder. Ignore a question if it is not pertinent to this case.

1. Statement of facts pertinent to settlement.

2. Plaintiff's theories of recovery if not obvious.

3. If liability not admitted, bona fide defenses and counterclaims tendered by Defendant(s).

4. Damages - Plaintiff should list the specials incurred and claimed. Do not use the maximum possible figures but what is deemed reasonable and what will be presented at trial. List special and general damages separately. Defendant should list what is claimed to be a reasonable amount where items are contested.

5. Summarize the bona fide disputes regarding damages.

6. Weaknesses.

7. Plaintiff's evaluation of fair settlement. $_____.

8. Defendant's evaluation of fair settlement. $_____.

9. May the court disclose these figures to the opposing party at the commencement of the conference? yes \_\_\_\_\_  no \_\_\_\_\_

10. If Plaintiff recovers a judgment, is the question of apportionment of and liability among Defendant(s) a factor affecting negotiations? Discuss.

**ORDER  4**

11. Are there viable sources from whom the Defendant(s) may seek contribution?

12. Do you feel the other party has negotiated in good faith? Discuss.

13. Does either party have client problems which affect these negotiations?

14. Do client and attorney disagree on the settlement value? Discuss.

15. What factors not discussed above have hampered settlement negotiations?

16. State your opinion as to the bona fide chance for settlement in this matter. ____%

17. Are there legal questions which effectively bar serious settlement negotiations? Discuss.

18. Do you want the settlement judge to give preliminary, non-binding predictions as to such rulings to assist in settlement negotiations? yes _____ no _____

19. Is arbitration of certain areas or the entire matter a viable option? Discuss.

20. Do Defendants want separate or joint conferences with the judge from which Plaintiff is excluded?

21. Does Plaintiff want separate conferences with the judge from which Defendants are excluded?

22. Expenses of litigation:

To date $_____ Plaintiff(s) $_____ Defendant(s) $_____

Estimate of expenses to conclusion $_____

**ORDER 5**